AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| JAMES BOLDS, | ) Case No. 5:22-MJ-608 (ATB) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Oct 13 - 2022
John M. Domurad, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of October 13, 2022, in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of firearm and ammunition by a felon |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Heather L. Weber, Special Agent (FBI)
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 10/13/2022

_____
Judge's signature

City and State: Syracuse, NY

Hon. Andrew T. Baxter, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Heather Weber being first duly sworn, hereby depose and state as follows:

## PURPOSE OF AFFIDAVIT

1. I make this affidavit in support of a criminal complaint charging JAMES BOLDS ("BOLDS") with the unlawful possession of a firearm and ammunition by a felon, in violation of Title 18, United States Code, Section 922(g)(1).

## AGENT BACKGROUND

2. I am a Special Agent with the Federal Bureau of Investigation and have been since September 2014. I have been involved in numerous investigations involving drug trafficking, robberies and other violent offenses. I also have worked on numerous investigations involving child exploitation that have involved locating individuals using electronic devices, such as cellular telephones, and collecting digital forensic evidence.

3. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Law Enforcement Officers of state and local law enforcement agencies, Special Agents, and I am fully familiar with the facts and circumstances of this investigation.

4. Because this affidavit is being submitted for the limited purposes of demonstrating probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts and circumstances that I believe establish probable cause for the complaint.

## FACTS ESTABLISHING PROBABLE CAUSE

5. The SUBJECT RESIDENCE is located in the City of Syracuse, County of Onondaga, and the State of New York. The premises is described as a multi-family residence, that is white in color. The residence is located on the East side of N Collingwood Ave. The structure is clearly marked with the numbers "**262**" located on the front door of the residence. The front door is white in color and has a set of panel windows on the top portion of the door.

6. On or October 12, 2022, Syracuse City Court Judge Mary Ann Dougherty authorized a search warrant for the SUBJECT RESIDENCE, the person of JAMES BOLDS, and the SUBJECT VEHICLE, in the City of Syracuse, based on suspected violations of drug-trafficking offenses. The warrant authorized the seizure of, among other things, cocaine and other illegal substances and weapons.

7. On October 13, 2022, law enforcement then executed the court-authorized search warrants. Police encountered BOLDS and Male A outside the SUBJECT RESIDENCE. While BOLDS and Male A were still outside the SUBJECT RESIDENCE, other officers entered the SUBJECT RESIDENCE. Four other individuals were inside: Male B, Female A, and two young children.

8. After being advised of his *Miranda* rights and as the search was beginning, BOLDS stated there were ecstasy pills and cocaine in his dresser drawer. When asked about ammunition that was observed in the dining room, BOLDS stated that the ammunition had been left behind by a previous tenant. BOLDS denied that there were any firearms in the SUBJECT RESIDENCE.

9. During the execution of the search warrant, law enforcement located the following items inside the SUBJECT RESIDENCE:

  a. In an ensuite bathroom accessible only by master bedroom, a loaded Sig Sauer model P365 9mm semiautomatic handgun bearing serial number 66A206212 ("Sig Sauer");

  b. In the living room, inside a reusable shopping bag, a 9mm "ghost gun;"

  c. In the bedroom dresser drawer, approximately 330 pills of suspected ecstasy / MDMA;

  d. In a kitchen cabinet drawer, 7 digital scales, cutting agent, and one knotted section of a bag containing a white chunky substance weighing approximately 27.9 grams, which field-tested positive for cocaine;

  e. In the dining room, one box of 40 caliber ammunition;

  f. In the master bedroom, a ballistic vest.

10. BOLDS was advised of his *Miranda* rights and agreed to speak with law enforcement officers. BOLDS stated, in sum and substance, that:

  a. He has lived at the SUBJECT RESIDENCE for approximately 4 years;

  b. The master bedroom with ensuite bathroom is exclusively his room;

  c. When he moved in, he found the box of ammunition, and moved the ammunition to the dining room for storage.

  d. Female A owns the Sig Sauer and the 9mm ghost gun. She occasionally stays at the SUBJECT RESIDENCE. When she is not staying there, she stays in a nearby shelter. Female A leaves the Sig Sauer at the SUBJECT RESIDENCE when she stays at the shelter. BOLDS knew that she left it at the SUBJECT RESIDENCE, and put the Sig Sauer in a cabinet in the master bathroom when his children visit the SUBJECT PREMISES. BOLDS stated that he had put the Sig Sauer there as recently as yesterday.

3

11. Based on my review of publicly available information, including Sig Sauer's website, Sig Sauer does not have a manufacturing facility in the State of New York and therefore the Sig Sauer traveled in and affected interstate commerce.

12. I reviewed an image of the ammunition and observed a stamp indicating it was Blaze Ammunition. A publicly available records query indicates Blaze Ammunition is not manufactured in the State of New York and therefore traveled in and affected interstate commerce.

13. According to a law enforcement criminal history database, BOLDS has the following prior felony convictions:

    a. On or about May 21, 2012, BOLDS was sentenced in Alamance County Superior Court, North Carolina, to 17 to 21 months' confinement and 48 months' probation as a result of his conviction for assault inflicting serious bodily injury;

    b. On or about May 21, 2012, BOLDS was sentenced in Alamance County Superior Court, North Carolina, to 17 to 30 months' confinement and 48 months' probation as a result of his conviction for common law robbery; and

    c. On or about December 11, 2014, BOLDS was sentenced in Alamance County Superior Court, North Carolina, to 11 to 23 months' confinement as a result of his conviction for possession of firearm by a felon.

## CONCLUSION

14. Based on the facts set forth above, I respectfully submit that there is probable cause to believe that JAMES BOLDS has violated Title 18, United States Code, Section 922(g)(1), unlawful possession of a firearm and ammunition by a felon.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
Heather Weber
Special Agent

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on October 13, 2022, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Honorable Andrew T. Baxter
U.S. Magistrate Judge

5